UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORRINUS JEWEL,

       Plaintiff,

                                          Case No. 13-14268
vs.                                      HON. GERSHWIN A. DRAIN

CHRYSLER, LLC, &
UAW INTERNATIONAL,

       Defendants.

_____/

**ORDER GRANTING DEFENDANT CHRYSLER GROUP LLC'S MOTION TO DISMISS
AMENDED COMPLAINT AND/OR FOR SUMMARY JUDGMENT [#18] AND
GRANTING DEFENDANT UAW INTERNATIONAL'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT [#22]**

## I.    INTRODUCTION

On October 8, 2013, Plaintiff Dorrinus Jewel, proceeding *pro se*,[1] filed the instant

action against her former employer, Chrysler Group, LLC ("Chrysler"), as well as her former

union, the International Union, United Automobile, Aerospace and Agricultural Implement

Workers of America ("UAW"), asserting eight claims.  These claims include: Count I,

wrongful termination/retaliation in violation of the Civil Rights Act of 1964; Count II, wrongful

termination in violation of public policy; Count III, intentional infliction of emotional distress;

Count IV, negligent infliction of emotional distress; Count V, Defamation of Character;

---

[1] Dorrinus Jewel is the only named Plaintiff in the original Complaint, however
her husband, Michale Jewel, signed his wife's Complaint as her legal guardian.
A conservator is not authorized to act as an attorney in a representative capacity.
*See Bowers v. Banks*, 2013 Bankr. LEXIS 829 (Bankr. E.D. Tenn.  2013).

Count VI, civil conspiracy/concert of action; count VII, loss of consortium; and Count VIII, breach of contract.[2]

After both named Defendants filed Motions to Dismiss, Plaintiff filed an Amended Complaint, which is now before the Court.[3] The Amended Complaint adds Plaintiff's husband, however there are no claims asserted on his behalf. Additionally, the Amended Complaint appears to adds two additional counts, however Plaintiffs did not re-allege the eight claims asserted in the original Complaint. Rather, the Amended Complaint begins with Count IV, alleging fraud. Plaintiffs also bring a claim for innocent misrepresentation in the Amended Complaint.

On December 26, 2013, Chrysler filed a Motion to Dismiss the Amended Complaint and/or for Summary Judgment arguing that Plaintiffs' claims fail because they are barred by either the applicable statute of limitations or by the failure to exhaust administrative remedies. Chrysler also asserts that Plaintiffs' claim fail to state viable causes of action. On December 27, 2013, the UAW filed a Motion to Dismiss Plaintiffs' Amended Complaint arguing that Plaintiffs have still not perfected proper service on the UAW, as well as failed to allege any viable claims against the UAW. Plaintiffs filed Responses in Opposition to the Defendants' present motions and Chrysler filed a Reply in support of its motion. A hearing was held on February 25, 2014. For the reasons that follow, the Court will GRANT UAW'S

_____

[2] The original Complaint contains two claims that are both designated as Count V.

[3] The Amended Complaint supersedes the original Complaint, accordingly the UAW's Motion to Dismiss (Dkt. No. 10), filed on November 15, 2013 is MOOT. Likewise, Chrysler's Motion to Dismiss (Dkt. No. 13), filed on November 20, 2013, is MOOT. *See Florida Dep't of State v. Treasure Salvors*, 458 U.S. 670, 702 (1982).

2

Motion to Dismiss Plaintiff's Amended Complaint [#22] and Chrysler's Motion to Dismiss Amended Complaint and/or for Summary Judgment [#18].

## II.    FACTUAL BACKGROUND

Jewel began working as an hourly employee for Chrysler on or around October 21, 1994. Her position was terminated on December 4, 2009. At the time of her employment, Jewel was a member of the UAW. Chrysler argues that on November 13, 2009, Jewel agreed to participate in a Chrysler buy-out known as the 4th Quarter 2009 Enhanced Voluntary Termination of Employment Program ("EVTEP"). Under EVTEP, in return for a resignation, each participant was provided with a lump-sum payment and a vehicle voucher. As set forth in the EVTEP documents, the application became "irrevocable after November 13, 2009," which was the last day employees had the opportunity to apply for the program. Jewel alleges that she never signed an EVTEP application and that her signature was later forged by Chrysler.

On November 16, 2009, there was an incident at Chrysler which resulted in Jewel going on medical leave. A Chrysler Security Report maintains that an unidentified man arrived at the executive drive call box stating that he wanted to speak with the head of security about seeing someone entering Chrysler's Warren Truck plant "last week" with what he thought was a handgun. The gentleman refused to give his name. The man was questioned by three additional supervisors in an attempt to gain additional information, however he indicated that he was a reserve Detroit Police Officer conducting his own investigation, and only when he was finished would he turn over any information regarding his observation from the previous week. The Chrysler supervisors ran the plate number of the vehicle the man was driving. The plate number came back indicating that the 2008

3

Dodge Caravan was registered to Jewel and her husband, Michale Jewel. When contacted, the Detroit Police Reserves indicated that Mr. Jewel was not a Detroit Reserve Officer. Chrysler later questioned Jewel due to her husband's incredibly suspicious behavior and his insinuations that his wife was involved in criminal activities.

Alternatively, Jewel argues that on November 17, 2009[4], she was working her normal shift when she was confronted by Chrysler employees about bringing a gun on Chrysler property with the intent of injuring a co-worker. Jewel alleges that she suffered a mental breakdown from being falsely accused and subsequently went on medical leave.[5] Jewel maintains that in response to the occurrences of November 16-19, 2009, Chrysler forged her name on the EVTEP Application that resulted in her termination on December 4, 2009.

On January 31, 2011, the UAW filed a grievance on behalf of Jewel alleging that she was not eligible to participate in EVTEP because she was on disability leave ("Code 52") when her employment was terminated. Chrysler denied the grievance and the grievance was subsequently withdrawn on April 4, 2012. Jewel filed an appeal with the union, however, the International Representatives found that: (1) evidence showed that Jewel voluntarily participated in the buy-out on November 13, 2009, (2) the grievance could not proceed to arbitration because there was no evidence that Chrysler management violated

---

[4] The facts and dates Jewel relies on vary between her Complaint and subsequent Responses. It is unclear as to whether Jewel was approached by Chrysler on November 17, 2009, or November 18, 2009, and how the confrontation occurred or what was said.

[5] In Plaintiff's Initial Complaint she indicates that she requested to got to medical and was subsequently granted medical leave, however, in later Responses she states that she was forced to leave the plant.

4

any contract, and (3) there was no showing of discrimination or fraud. *See* Dkt. No. 31-2.

## III.   LEGAL ANALYSIS

### A.   Jewel's Amended Complaint

Jewel properly filed an Amended Complaint on December 11, 2013. Under FED. R. CIV. P. 15, an Amended Complaint completely supercedes the original Complaint with respect to which allegations and issues are presented to the Court for disposition. *Smith & Nephew, Inc. v. Fed. Ins. Co.*, 113 Fed. Appx. 99, 102 (6th Cir. 2004). Jewel's Amended Complaint does not reiterate any of the claims alleged in her original Complaint. Consequently, the Could would traditionally read Jewel's Amended Complaint as no longer including the claims of the original Complaint. However, evidence suggests that Jewel, a *pro se* plaintiff, attempts to reiterate the claims brought in her original Complaint in her Amended Complaint, along with adding claims for innocent misrepresentation and fraud. This is indicated by the fact that Jewel's original Complaint contains eight claims labeled one through seven,[6] and her Amended Complaint begins with listing her two new claims as numbers nine and ten. Consequently, for the purposes of resolving the instant motion, the Court will assume without deciding that the claims listed in the original Complaint are included in the Amended Complaint.

### B.   Defendant Chrysler Group LLC's Motion to Dismiss Amended Complaint and/or for Summary Judgment

#### 1.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* FED. R.

---

[6] Two of the claims in Jewel's original Complaint are labeled as Count V.

CIV. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland*, 502 F.3d at 548. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a mere possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.*

6

2:13-cv-14268-GAD-RSW   Doc # 33   Filed 02/25/14   Pg 7 of 15   Pg ID 685

**2.      Jewel's Claims are Preempted by Section 301.**

Jewel's employment with Chrysler was governed by a collective bargaining agreement ("CBA"). It is well established that Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, "preempts all claims that are 'inextricably intertwined with the consideration of the terms' of a collectively-bargained labor contract." *In Re Gen. Motors Corp.*, 3 F.3d 980, 984 (6th Cir. 1993) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)). Chrysler argues that Section 301 preemption applies in the instant case. The UAW filed a grievance on Jewel's behalf seeking reinstatement of her status and revocation of her participation in the EVTEP, and the Amended Complaint complains of the same employment decisions. Section 301 preempts claims that are "substantially dependant on [an] analysis of a collective-bargaining agreement." *Id.* (citing *Elec. Workers v. Hechler*, 481 U.S. 851, 859 n. 3 (1987).

The Sixth Circuit has developed a two-step approach in determining whether state law claims are preempted by Section 301.

> First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. *Terwilliger v. Greyhound Lines, Inc.*, 882 F.2d 1033, 1037 (6th Cir. 1989), *cert denied*, 495 U.S. 946, 109 L.Ed. 2d 531, 110 S.Ct. 2204 (1990). Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right both is borne of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted. *Id.*

*DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994). In Jewel's Amended Complaint, the claims asserted center around Jewel losing her job, no longer being employed by Chrysler, and being included in the EVTEP program instead of receiving disability payments–the exact same issues Jewel's union grieved on her behalf. The

7

EVTEP was a collectively bargained, early retirement program, for which all disputes were to be resolved through the grievance procedures set forth in the CBA between Chrysler and the UAW. To determine Jewel's right to continued employment or her inclusion in the EVTEP, the collectively bargained terms must be examined, thus Jewel's Amended Complaint is preempted by Section 301.

In her Response, Jewel does not address or contest Chrysler's arguments that her state law claims are preempted by Section 301. Although *pro se* plaintiffs are usually held to less stringent standards than formal pleadings drafted by lawyers, they are still required to abide by the rules of procedural and substantive law. *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 551 U.S. 877, 889 (2007); *Hulsey v. Texas*, 929 F.2d 168, 171 (1991). "[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Byrd v. Vilsack*, 931 F.Supp.2d 27, 37 (2013) (citing *FDIC v. Bender*, 127 F.3d 58, 67- 68 (D.C. Cir. 1997). Jewel's claims are barred by a Section 301 preemption and Chrysler is entitled to judgment in its favor.

### 3.    Failure to State Viable Claims

Additionally, even if Plaintiffs' claims were not preempted, all of the claims fail to meet the requirements of FED. R. CIV. P. 12(b)(6). First, Jewel alleges that the termination of her employment violated Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e. However, Jewel never filed her claim with the Equal Employment Opportunity Commission or with Michigan's Civil Rights Department, nor did she receive a right to sue letter, which is a prerequisite to filing a Title VII cause of action. 42 U.S.C. § 2000e-5(f)(1). The statute of limitations under Title VII is 180 days from the alleged discriminatory action to file a

8

timely charge of discrimination, or 300 days if the alleged practice occurred in a deferral state such as Michigan. 42 U.S.C. § 2000e-5(e)(1). Jewel had until September 30, 2010, 300 days after her termination, to file a timely charge of discrimination, however, she did not file the instant action until October 8, 2013.

Second, Jewel alleges her termination was a wrongful termination in violation of public policy. The statute of limitations for claims of wrongful discharge sounding in tort is three years. MICH. COMP. LAWS 600.5805(8). Jewel failed to make her claim by December 4, 2012, three years after her termination. Additionally, Jewel fails to plead that any specific public policy derived from any statutory or constitutional provision or the common law that was violated by the termination of her employment, or that she was terminated because she exercised a statutory right or duty, exercised a right provided by a legislative enactment, or failed or refused to violate the law. *See McNeil v. Charlevoix Cnty. & Nw. Michigan Cmty. Health Agency*, 484 Mich. 69, 79, 772 N.W.2d 18 (2009). Wrongful termination in violation of public policy is an exception to the at-will employment doctrine, however, Jewel was not an at-will employee, but had a collective bargaining agreement with Chrysler. *Suchodolski v. Michigan Consol. Gas Co.*, 412 Mich. 692 (1982). Therefore, Jewel does not fall within the exception.

Third, Jewel alleges intentional or reckless infliction of emotional distress. An infliction of emotional distress claim has a three-year statute of limitations, which in Jewel's case expired on December 4, 2012. *Mosley v. Federals Dept. Stores, Inc.,* 85 Mich. App. 333, 339, 271 N.W.2d 224 (1978). Additionally, Jewel fails to plead a viable claim. To establish a *prima facie* case for infliction of emotional distress, a plaintiff must prove: "(1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe

9

emotional distress." *Hartliep v. McNeilab, Inc.*, 83 F.3d 767, 777 (6th Cir. 1996). None of the factual allegations in Jewel's claim are sufficient to state this cause of action.

Fourth, Jewel alleges negligent infliction of emotional distress. Negligent infliction of emotional distress has a three-year statute of limitations. MICH. COMP. LAWS 600.5805(8). Jewel's claim was not filed by December 4, 2012 and is subsequently time barred. Furthermore, this claim is barred by the exclusive remedy provision in the Michigan Workers' Disability Compensation Act. MICH. COMP. LAWS 418.131(2). Finally, Jewel fails to establish that: "(1) the injury threatened or inflicted on the third person is a serious one, of a nature to cause severe mental disturbance of the plaintiff, (2) the shock results in actual physical harm, (3) the plaintiff is a member of the third person's immediate family, and (4) the plaintiff is present at the time of the accident or suffers shock fairly contemporaneous with the accident." *Taylor v. Kurapati*, 236 Mich. App. 315 (1999). Instead Jewel simply alleges that Chrysler breached its duty to maintain a "work environment...free of humiliation and hostility" and that she "suffered direct injury to her personal and professional reputation." Reputational claims have a one-year statute of limitations when they are brought under the guise of negligent infliction of emotional distress. MICH. COMP. LAWS 600.5805(9).

Fifth, Jewel alleges defamation of character. Under MICH. COMP. LAWS 600.5805(9) Jewel had until November 18, 2010 to file her complaint, one-year after she alleges the defamatory accusations were made. Moreover, Jewel fails to state any specifics of the alleged defamation. Allegations that do not concretely identify the person "to whom the statements were made, when...[the statements] were made, or whether these statements were unprivileged" are not sufficient to state a claim. *Bhan v. Battle Creek Health System*,

10

No. 1:10-CV-202, 2012 WL 489161, *4 (W.D. Mich. 2012).

Jewel's Second Count V alleges civil conspiracy. Claims of civil conspiracy are subject to a three-year statute of limitations. MICH. COMP. LAWS 600.5805(8). Jewel failed to file before the statute of limitations was up on December 4, 2012. A civil conspiracy is "the combination of two or more persons who, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Temborius v. Slatkin*, 157 Mich. App. 587, 599-600, 403 N.W.2d 821 (1986). In the instant case Jewel is referring to her termination by Chrysler as a civil conspiracy. However, a civil conspiracy claim has to exist in an underlying actionable tort, which Jewel has not plead. *Kevelighan*, 777 F.Supp.2d at 789. Even if Jewel had, the claim would be dismissed because Jewel fails to identify anyone who actually conspired against her and instead only makes insufficient conclusory allegations of discrimination. *Bhan*, No. 1:10-CV-202 at *4.

Furthermore, Jewel alleges a violation of federal and state anti-discrimination laws. Jewel's anti-discrimination claim is governed by Michigan's Elliott-Larsen Civil Rights Act and barred by a three-year statute of limitations. MICH. COMP. LAWS 37.2101. Jewel has failed to plead any facts that refer to unlawful disparate treatment, disparate impact, or gender discrimination.

Sixth, Jewel alleges loss of consortium and seeks damages for a loss of companionship with her husband. However, loss of consortium claims do "not arise unless the impaired spouse has sustained some legally cognizable harm or injury." *Eide v. Kelsey-Hayes Co.*, 431 Mich. 26, 29 (1988). Additionally, this claim is barred by a three-year statute of limitations.

Jewel also alleges there was a breach of contract. However, she provides no

11

supporting allegations. Moreover, as previously discussed, any such contract claim would involve the collective bargaining agreement between Jewel and Chrysler and is preempted by Section 301.

A claim of innocent misrepresentation requires that a plaintiff prove that an innocent misrepresentation was made in the context of making a contract. *U.S. Fid. & Guar. Co. v. Black*, 412 Mich. 99, 118; 313 N.W.2d 77 (1981). The claim is similar to a traditional fraud claim, however, the elements of *scienter* and an intention that the misrepresentation be relied upon by the plaintiff are omitted. *Id.* at 119. In the instant case, Jewel fails to plead that the alleged misrepresentations were part of the making of the contract. The only applicable contract between Jewel and Chrysler was the EVTEP, and Jewel does not raise any allegations that the terms and content of the program were misrepresented to her or anyone else. However, even if innocent misrepresentations were made to Jewel, she still could not have relied on them because she claims that she knew the representations were false.

Furthermore, Jewel's innocent misrepresentation claim is barred by the Workers' Disability Compensation Act ("WDCA"). Jewel seeks, in part, damages for physical and emotional harm as she has allegedly been unable to enjoy life or provide for her husband and child. The exclusive remedy rule under the WDCA specifically bars such claims and states "the right to recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease." MICH. COMP. LAWS 418.131(1). The only exception under the WDCA is in the case of an intentional tort where the injury occurred as "a result of a deliberate act of the employer and the employer specifically intended an injury." *Id.* A claim of innocent misrepresentation is

12

not an intentional tort. *Titan Ins. Co. v. Hyten*, 491 Mich. 547, 556; 817 N.W.2d 562 (2012).

Jewel alleges Chrysler stated she brought a gun on the property with the intent of injuring

a co-worker and forged her name to several employment documents, she has not plead

that Chrysler specifically intended to physically or emotionally harm her, nor are there any

inferences available from her alleged facts that support such a claim. Jewel's claim of

innocent misrepresentation is invalid and barred by the WDCA.

　　　Even if Jewel's fraud claim is not barred by Section 301, the claim should still be

dismissed because Jewel has not plead, nor could she establish, that she was unaware

that the representations she alleges were untrue, or what acts she took in reliance on those

alleged misrepresentations. FED. R. CIV. P. 9 requires that fraud claims be plead with

particularity. *DIRECTV, Inc. v. Cavanaugh*,  321 F. Supp. 2d 825, 835 (E.D. Mich. 2003).

The elements of a fraud claim are:

> (1) [t]hat defendant made a material representation; (2) that it was false; (3) that
> when he made it he knew that it was false, or made it recklessly, without any
> knowledge of its truth and as a positive assertion; (4) that he made it with the
> intention that it should be acted upon by plaintiff' (5) that plaintiff acted in reliance
> upon it; and (6) that he thereby suffered injury.

*Titan Ins. Co.*, 491 Mich. at 555. Jewel's fraud claim alleges that Chrysler misrepresented

to her that she had brought a gun to work and forged her name on employment documents.

However, Jewel never pleads any acts taken in reliance on the alleged representations, nor

do her actions support such an inference.[7] Fraud cannot be "perpetrated upon one who has

full knowledge to the contrary of a representation" in part because of the lack of reliance.

*Advanced Accessory Systems, LLC v. Gibbs*, 71 Fed. Appx. 454, 469 (6th Cir. 2003) (citing

---

[7] Jewel states that Chrysler intended her to act on their fraudulent behavior,
however she never states how she actually did rely.

13

*Montgomery Ward & Co. v. Williams*, 330 Mich. 275; 47 N.W.2d 607, 611 (1951). Additionally, fraud claims can be dismissed if the court determines a plaintiff's reliance was unreasonable. *Novak v. Nationwide Mut. Ins. Co.*, 235 Mich. App. 675, 690; 599 N.W.2d 546 (1999). Jewel alleges she was accused of bringing a gun to work, however, even if she understood what was said to her to be an accusation, she consistently denied it. Likewise, Jewel alleges Chrysler forged her signature on the EVTEP application, however from the beginning she has claimed that it was a forgery and never relied on any "misrepresentation." While Jewel disagrees with her eligibility for the EVTEP program, a disagreement over employment rights does not constitute reliance. Any reliance that did occur was by Chrysler and not Jewel, as Chrysler relied on Jewel's EVTEP application.

Dismissal of all the claims made in both Jewel's Complaints is proper as none of the claims meet the requirements of FED. R. CIV. P. 12(b)(6) and/or are time-barred.

### B.   Defendant UAW International's Motion to Dismiss Plaintiff's Amended Complaint

In Jewel's Amended Complaint, the only direct reference to UAW is made in the caption. Thereafter, Jewel alleges no facts relating to UAW. Consequently, Jewel's Amended Complaint fails to state a claim against UAW and this Court will grant UAW'S Motion and dismiss Plaintiff's Amended Complaint with prejudice, against UAW.

Moreover, even if this Court were to consider the Amended Complaint as a supplement to the original Complaint, based on the conclusions reached in reviewing Chrysler's arguments, any claims against UAW would be dismissed as well under FED. R. CIV. P. 12(b)(6).

## IV.   CONCLUSION

14

The Court will GRANT UAW'S Motion to Dismiss Plaintiff's Amended Complaint [#22] and GRANT Chrysler's Motion to Dismiss Amended Complaint and/or for Summary Judgment [#18].

It Is Further Ordered that this Court finds UAW's Motion to Dismiss for Insufficient Service of Process [#10] and Chrysler's Motion to Dismiss [#13] MOOT.

Dated: February 25, 2014                    s/Gershwin A. Drain
       Detroit, Michigan                    GERSHWIN A. DRAIN
                                            United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2014.

                                            s/Tanya R. Bankston
                                            TANYA R.BANKSTON
                                            Case Manager & Deputy Clerk